IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA )
                         )
         v.              )     CRIMINAL NO. 1:14-CR-10163-NMG
                         )
EDWARD BOYER ET. AL.     )
```

INITIAL STATUS REPORT

The defendants are charged in an indictment with conspiring to distribute and possess with intent to distribute marijuana. 21 U.S.C. § 846, 858, and 841(c)(1).

Pursuant to Local Rule 116.5(b), the parties submit the following joint status report.

1. **Automatic Discovery and Discovery Requests**

The government has provided automatic discovery. The defendants have not yet formally requested additional discovery, although some defendants have made informal requests and the government has responded to those requests.

2. **Timing of Additional Discovery**

The government will be sending out additional discs containing material later this week. Additional reports concerning the drug laboratory and forensic analysis of drug evidence seized in May of this year will be disclosed when received.

1

3. **Timing of Additional Discovery Requests**

The timing of any additional discovery requests will likely hinge on the parties' ability to review the voluminous discovery disclosed to date, which includes recordings and line sheets for intercepted wire and electronic communications occurring in March, April, and May of 2014 over six cellular telephones.

4. **Protective Orders**

The parties do not presently perceive the need for the Court to issue any significant protective orders.

5. **Pretrial Motions**

The defendants have not filed any pretrial motions under Fed. R. Crim. P. 12(b).  The Court may wish to consider establishing a date by which such motions should be filed.

6. **Timing of Expert Disclosures**

The Court has not yet established a date for expert witness disclosures.  The government submits that the drug analysts will be the only expert witnesses likely to be called by the government. Accordingly, the government submits that expert disclosures 30 days before trial should be sufficient.

7. **Defenses**

The defendants have not and do not intend to raise any affirmative defenses.

8. **Excludable Delay**

The time between June 18, 2014 and July 29, 2014 was excluded from the Speedy Trial Act by the Court.  Accordingly, zero days of non-excludable time have accrued and 70 days will remain under the Act in which the case must be tried. Docket No. 51, 56.

9. **Plea Discussions, Trial**

The parties are still reviewing discovery and have not engaged in extended or urgent plea negotiations.  It is therefore difficult to assess the likelihood of trial.  Any trial is anticipated to last approximately 7-10 trial days.

10. **Timing of Final Status Conference**

The Court should set an interim status conference for a date in October, 2014.

The undersigned circulated a draft of this Status Report to all counsel of record on July 28, 2014.  Some counsel suggested a change that has been incorporated.  Prior to filing, counsel for defendants Boyer, Murphy, Arruda, Nichols, Jayme Reynolds, and Rebecca Reynolds indicated their assent.  Counsel for Pedreira and Simmons have not yet responded.

>                    Respectfully submitted,
>
>                    CARMEN M. ORTIZ
>                    United States Attorney
>
> By:
>
>                    */s/ Theodore B. Heinrich*
>                    THEODORE B. HEINRICH
>                    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

|  |  |
|---|---|
|  | */s/ Theodore B. Heinrich* |
|  | THEODORE B. HEINRICH |
| July 29, 2014 | Assistant U.S. Attorney |