United States District Court
District of Massachusetts

|                           |   |                        |
|---------------------------|---|------------------------|
| **Edward Boyer,**         | ) |                        |
|                           | ) |                        |
|    Petitioner, | ) |                    |
|                           | ) |                        |
|    v.      | ) | Criminal Action No.    |
|                           | ) | 14-10163-NMG           |
| **United States of America,** | ) |                    |
|                           | ) |                        |
|    Respondent. | ) |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition of Edward Boyer ("Boyer", "defendant" or "petitioner") to vacate his conviction pursuant to 28 U.S.C. § 2255. Boyer is currently serving a sentence in accordance with an agreement to plead guilty but he now avers that this Court should vacate that agreement on the grounds that it resulted from the ineffective assistance of his counsel. Specifically, Boyer claims that because his attorney mistakenly assured him that he was entitled to an evidentiary hearing at his sentencing at which he could contest the drug weight attributed to him, he was denied effective assistance of counsel.

On June 21, 2019, Magistrate Judge Judith G. Dein held an evidentiary hearing at which she heard testimony from Boyer and his prior attorney, Kevin Reddington. On September 16, 2019,

she entered a Report and Recommendation ("R&R") recommending that the Court allow the motion to vacate. The government filed an objection to the R&R.  For the reasons that follow, the R&R will be rejected and Boyer's motion will be denied.

The facts and procedural history are provided in detail in the R&R, with which the Court assumes familiarity.  For the sake of completeness, however, the Court will briefly rehearse the background.

## I. Background

### A. Offense of Conviction

Boyer led a conspiracy to ship thousands of pounds of marijuana from California to Massachusetts and return millions of dollars in cash proceeds from the sale of those drugs.  In June, 2014, he was charged with conspiracy to distribute and possess with intent to distribute 1,000 or more kilograms of marijuana, a charge which carried a 10-year mandatory minimum sentence.

Based on a variety of evidence including Federal Express records, telephone records, surveillance video and interviews of his co-conspirators, the Drug Enforcement Agency ("DEA") determined that Boyer had received 322 boxes of marijuana from his co-conspirators in California for local distribution.  After seizing and weighing three of the packages (which ranged in weight from 6.2 kilograms to 7.4 kilograms) investigators

determined that each of the 322 boxes contained at least 6 kilograms of marijuana and estimated the total weight of drugs to be 1,932 kilograms.

The investigation also found evidence that Boyer mailed or directed the mailing of 420 parcels of cash, estimated to be $8.4 million in payment for the drugs. Further, evidence including wiretaps and statements by co-conspirators demonstrated that Boyer was the organizer or leader of the conspiracy.

At all relevant times after his arrest, Boyer was represented by Attorney Kevin Reddington, an experienced and well-respected criminal defense attorney.

**B. The Plea Agreement**

In October, 2015, on the eve of trial, Boyer pled guilty to a two-count superseding information pursuant to a binding Rule 11(c)(1)(c) plea agreement ("the plea agreement"). Pursuant to that agreement, the U.S. Attorney and Boyer agreed that a reasonable and appropriate sentence would be between 84-108 months (7-9 years).

The superseding information charged Boyer with conspiring to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vii) and conspiring to launder money in violation of 18 U.S.C § 1956(h). The plea agreement provided that the amount of marijuana attributable to Boyer was

at least 1,000 but less than 3,000 kilograms and that he was the organizer or leader of a criminal activity involving five or more persons.

As discussed in the R&R, the plea agreement included several noteworthy provisions. It stated that Boyer: 1) agreed with respect to the application of the United States Sentencing Guidelines ("USSG") that his offense involved at least 100 kilograms of marijuana; 2) was the organizer or leader of an activity that involved five or more participants and 3) "retains his right to challenge the higher drug quantity". The plea agreement also included a broad appeal waiver whereby Boyer waived his right to appeal the conviction and determinations made at sentencing. Boyer did not, however, waiver his right to claim that his lawyer rendered ineffective assistance of counsel.

**C. The Sentencing**

The Pre-Sentence Report ("PSR") issued by the assigned Probation Officer concluded that the evidence showed that 1) between 2012 to 2014, suppliers in California shipped between 1,800 and 1,900 kilograms of marijuana to Boyer, 2) Boyer sold that marijuana and 3) he sent $8 million in cash back to the suppliers. The PSR determined that the guideline imprisonment range was 135 to 168 months.

In his objections to the PSR, Boyer did not agree that his marijuana sales involved between 1,800 and 1,900 kilograms of marijuana and objected to the government's contention that he was the leader or organizer of the conspiracy. Boyer did not proffer additional evidence in conjunction with his objections but he submitted a sentencing memorandum in which he disputed the drug weight attributable to him and requested an evidentiary hearing to determine weight.

At sentencing in January, 2016, Attorney Reddington requested that the Court hold an evidentiary hearing to determine drug weight. This Court denied that request but acknowledged Boyer's objections to the PSR and allowed Attorney Reddington an opportunity to make a supplemental argument. This Court then accepted the binding plea agreement and sentenced Boyer to 108 months in prison pursuant to that plea agreement. The Court also noted that, according to the PSR, the applicable guideline range was actually 135 to 168 months.

Despite the appeal waiver, Boyer appealed his sentence because he claimed that this Court had erred by denying his request for an evidentiary hearing and in its determination of drug quantity without an individualized finding or sufficient evidence. The First Circuit dismissed his appeal and the United States Supreme Court declined to grant certiorari.

**II. The Report and Recommendation**

When a district court refers a dispositive motion to a magistrate judge for recommended disposition, it must

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.

Fed. R. Civ. P. 72(b)(3).

In this case, the government has objected to both the factual findings and the legal conclusions of the magistrate judge. Specifically, it contends that 1) Boyer and Reddington did not testify credibly in front of the Magistrate Judge and 2) Boyer cannot make the requisite showing that he was deprived of effective assistance of counsel under the exacting standard set out in Strickland v. Washington, 466 U.S. 668,(1984).

The defendant counters that this Court is 1) precluded from rejecting the Magistrate Judge's credibility findings and 2) the Magistrate Judge correctly applied the legal standard, citing United States v. Hernandez-Rodriguez, 443 F.3d 138, 148 (1st Cir. 2006), which holds that

> absent special circumstances, a district judge may not reject the credibility determination of a magistrate judge without first hearing the testimony that was the basis for that determination.

Because this Court finds that, by application of the Strickland standard, Boyer cannot maintain his claim for

ineffective assistance of counsel it will address only the government's legal arguments.

### III. Motion to Vacate

#### A. Legal Standard

Section 2255 enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474. To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented the claim on direct appeal, lacks cause for failing to do so and suffered no "actual prejudice resulting from the error." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Pleading constitutionally ineffective assistance of counsel is

sufficient to excuse a procedural default. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999).

To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that his representation by counsel 1) "fell below an objective standard of reasonableness" and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland 466 U.S. at 687-88, 694. That test is formidable:

> [J]udicial scrutiny of counsel's performance must be highly deferential [and] counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 689-90; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

**B. Application**

Boyer claims that Attorney Reddington was ineffective when he advised Boyer he was legally entitled to an evidentiary hearing on the issue of drug weight and that because he was substantially prejudiced by such erroneous advice the exacting Strickland standard was met. Boyer states that he accepted the binding plea agreement with the expectation that he was entitled to an evidentiary hearing at sentencing and claims that but for

-8-

Attorney Reddington's advice he would not have entered into the plea agreement.

Attorney Reddington apparently told Boyer that he was entitled to an evidentiary hearing based on Alleyne v. United States 570 U.S. 99 (2013). It is clear, however, that Alleyne does not apply in this particular case. See United States v. Ramirez-Negron, 751 F.3d 42, 48 (1st Cir. 2014) (holding that "factual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in Alleyne.") Although, "not every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes" the Magistrate Judge concluded that Attorney Reddington's inaccurate assurances fell below the objective standard of reasonableness. Prou, 199 F.3d at 48. Although it is a close question, this Court agrees that such an error marginally satisfies the first prong of the Strickland test.

In addition to demonstrating that Attorney Reddington's advice fell below an objective standard of reasonableness, Boyer must also show that he was prejudiced by his attorney's advice. Boyer claims that the prejudice prong of the Strickland test is satisfied because he would not have entered into the plea agreement absent Attorney Reddington's inaccurate advice.

As the Supreme Court has noted, the Strickland test requires a "case-by-case examination of the totality of the evidence" Lee v. United States, 137 S. Ct. 1958, 1966, (2017) (quoting Williams v. Taylor, 529 U.S. 362, 391 (2000))(internal quotation marks omitted). An analysis of Boyer's claim demonstrates that he was not prejudiced by Attorney Reddington's advice sufficiently to overcome Strickland's "high bar". Padilla v. Kentucky, 559 U.S. 356, 371, (2010).

The record, Boyer's statements, the binding plea agreement and the plea colloquy conducted at sentencing all demonstrate that Boyer did not have a feasible defense to the charges on which he was convicted. As the Supreme Court explained in Lee,

> A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial.

Lee 137 S. Ct. at 1966.

In his response to the PSR, Boyer did not object to the underlying facts of the drug distribution conspiracy or his role in the crime. In his sentencing memorandum, he accepted responsibility for 100 kilograms of marijuana. The plea agreement also stated that Boyer agreed that his offense involved at least 100 kilograms of marijuana. In short, Boyer does not dispute the underlying facts of the investigation, just the estimate of drug quantity.

-10-

The evidence in this case strongly suggests that had he gone to trial, Boyer would not have had a viable defense and would likely have been convicted. Specifically, the evidence shows that it is highly likely that Boyer would have been held responsible for the 1,000 to 3,000 kilograms of marijuana contemplated by the plea agreement. As the government persuasively points out, although Boyer placed great reliance on an evidentiary hearing, he had a number of opportunities to contest drug weight outside of a formal hearing by submitting exculpatory evidence to the Probation Officer and/or the Court. He did not do so.

Although not always the case, in order to show prejudice Boyer must demonstrate that he would have been better off going to trial. As explained in the Lee decision,

> The dissent contends that a defendant must also show that he would have been better off going to trial. That is true when the defendant's decision about going to trial turns on his prospects of success and those are affected by the attorney's error...Not all errors, however, are of that sort.

Lee 137 S. Ct. at 1965.

Here, Attorney Reddington's misguidance did not concern success at trial but rather Boyer's ability to present evidence at his sentencing about the quantity of drugs attributable to him. Assuming arguendo that Boyer had convinced the jury that, although guilty, he was responsible for only 100 kilograms of

-11-

marijuana, he would still have been subject to the same guideline range that was called for by the binding plea agreement. If Boyer had gone to trial and been found responsible for the higher drug weight (as was likely), he would have faced a much longer sentence.

In sum, Boyer cannot show prejudice because, even had he been successful in his dubious claim of responsibility for only 100 kilograms of marijuana, he would have been subject to the same guideline range as agreed to in the binding plea agreement. C.f. Lee 137 S. Ct. at 1971 (Thomas. J. dissenting)(discussing that when the Court in Premo v. Moore, 562 U.S. 115, (2011) analyzed prejudice it "did not focus solely on whether the suppression hearing would have turned out differently, or whether the defendant would have chosen to go to trial. It focused as well on the weight of the evidence against the defendant and the fact that he likely would not have obtained a more favorable result at trial, regardless of whether he succeeded at the suppression hearing.")

As demonstrated by his affidavit submitted in conjunction with his § 2255 petition, Boyer's reliance on the salutary effect of an evidentiary hearing was driven by his desire for a lower sentence. He believed that if he could show that he was responsible for distributing only 100 kilograms of marijuana, he would have been entitled to a reduced sentence. His situation

is distinguishable from that of the petitioner in Lee who was concerned less with jail time than with deportation and would have, therefore, "rejected any plea leading to deportation in favor of throwing a 'Hail Mary' at trial." Lee 137 S. Ct. at 1961.  Boyer's only motivation for an evidentiary hearing was, as with all criminal defendants, to avoid a longer prison term.  C.f. Hill v. Lockhart, 474 U.S. 52, 60 (1985).  It is clear that even if he had succeeded in getting an evidentiary hearing, he would not have accomplished his objective.

As the Supreme Court has long recognized there is a "particular importance of the finality of guilty pleas." United States v. Dominguez Benitez, 542 U.S. 74, 75, (2004); See also United States v. Timmreck, 441 U.S. 780, (1979).  Boyer has failed to show that he was prejudiced under the Strickland standard and, therefore, his motion will be denied.

**ORDER**

For the forgoing reasons,

a) the government's objection to the legal conclusion of Report and Recommendation ("R&R") (Docket No. 491) is **SUSTAINED** and the R&R is **REJECTED** and;

b) the motion of Edward Boyer (Docket No. 459) to vacate his conviction pursuant to 28 U.S.C. § 2255 is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 7, 2020