United States District Court
District of Massachusetts

| | |
|---|---|
| Edward Boyer, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 14-10163-NMG |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition of Edward Boyer ("Boyer" or "petitioner") to vacate his conviction pursuant to 28 U.S.C. § 2255. Boyer is currently serving a sentence in accordance with an agreement to plead guilty but maintains that it resulted from the ineffective assistance of his counsel. On September 16, 2019, Magistrate Judge Judith Dein entered a Report and Recommendation ("R&R") recommending that the Court allow the motion to vacate. On April 7, 2020, this Court rejected that R&R and denied Boyer's motion to vacate.

Shortly thereafter, Boyer filed a notice of appeal to the First Circuit and this Court issued a certificate of appealability with respect to that petition. Boyer now seeks emergency release from custody pending that appeal.

-1-

**I.    Emergency Motion for Release**

   **A. Legal Standard**

In exceedingly exceptional circumstances a district court has the power to release a habeas petitioner on bail pending the ultimate disposition of his petition. See Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985) (noting that this is a power "to be exercised very sparingly")(collecting cases). Federal Rule of Appellate Procedure 23 states that while a decision not to release a prisoner who has sought Habeas Corpus relief is pending review,

> the court or judge rendering the decision, or the court of appeals, or the Supreme Court...may order that the prisoner be...released on personal recognizance, with or without surety.

In order to release a habeas petitioner on bail (who has necessarily been convicted and had that conviction affirmed on direct appeal) a court must first determine that there exists both a "clear case on the law" and

> a clear, and readily evident, case on the facts. Merely to find that there is a substantial question is far from enough.

Glynn v. Donnelly, 470 F.2d 95, 97-98 (1st Cir. 1972).

Beyond a "clear case" on both the law and the facts, there must exist "some circumstance making this application exceptional and deserving of special treatment in the interests of justice." Id. (citing Aronson v. May, 85 S.Ct. 3, 5 (1964)).

Those circumstances go beyond a finding "that the allegations of his petition for habeas corpus made out a clear case for his release." Glynn, 470 F.2d at 98. In sum, this is an incredibly exacting standard appropriate for extraordinary relief.

   B. **Application**

Boyer maintains that he should be released pending the resolution of his appeal because of 1) his belief that this Court has erred in its resolution of his petition and 2) the alleged risk he faces from the COIVD-19 pandemic.

In his motion to vacate, Boyer claims that, because his attorney mistakenly assured him that he was entitled to an evidentiary hearing at his sentencing at which he could contest the drug weight attributed to him, he was denied effective assistance of counsel. This Court determined that Boyer could not make the requisite showing that he was deprived of effective assistance of counsel under the exacting standard set out in Strickland v. Washington, 466 U.S. 668 (1984).

Arguing that his case presents a clear case on the law and the facts and thus meets the exacting standard set forth in Glynn, Boyer relies on similar arguments that he made, and this Court found unconvincing, when it denied his motion to vacate. This Court has thoroughly considered Boyer's arguments and rejected them on the merits. He does not present any clear case now.

In addition to his contention that this Court has committed error in resolving his petition, Boyer argues that given the COVID-19 pandemic and because he takes high-blood pressure medication, his continued confinement make his application "exceptional and deserving of special treatment". Glynn, 470 F.2d at 98. The defendant's contention that he is exposed to exceptional risk is unsupported. See United States v. Oladimu, No. 1:01-CR-10198-IT, 2020 WL 1866253, at *2 (D. Mass. Apr. 14, 2020) (noting that during the ongoing COVID-19 pandemic, a petitioner with high-blood pressure could not "establish exceptional circumstances warranting release" prior to a hearing on his habeas petition.)

Boyer proffers no more than speculative concern about an outbreak at FMC Devens, where he is currently incarcerated and which is taking measures to protect inmates and staff. Defendant's generalized and systemic concern regarding the virulent pandemic is insufficient to qualify as a "circumstance making this application exceptional and deserving of special treatment." Glynn, 470 F.2d at 98.

Boyer has pled guilty to a serious felony, had that conviction affirmed upon direct appeal and had his motion to vacate pursuant to § 2255 denied on the merits by this Court. In sum, the defendant has not established any such exceptional

circumstance to warrant the remarkable release on bail pending his collateral appeal.

For the foregoing reasons, Boyer's emergency motion for release (Docket No. 518) is **DENIED**.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated April 24, 2020